513 S.E.2d 904

Curtis S. RHODES

v.

COMMONWEALTH of Virginia.

Record No. 1292–97–2.

Court of Appeals of Virginia,
Richmond.

May 4, 1999.

Mary Katherine Martin, Senior Assistant Public Defender, for appellant.

Eugene Murphy, Assistant Attorney General (Mark L. Earley, Attorney General, on brief), for appellee.

Present: FITZPATRICK, C.J., and BENTON, COLEMAN, WILLIS, ELDER, BRAY, ANNUNZIATA, BUMGARDNER and LEMONS, JJ.

## UPON A REHEARING EN BANC

FITZPATRICK, Chief Judge.

Curtis S. Rhodes appealed the trial judge's denial of his motion to suppress evidence obtained during a warrantless search. Rhodes contended the trial judge erred in holding that a police officer lawfully searched Rhodes incident to issuing him a summons for violating a city ordinance. A divided panel of this Court affirmed the trial judge's refusal to suppress the evidence, see *Rhodes v. Commonwealth*, 28 Va. App. 296, 504 S.E.2d 390 (1998), and we granted rehearing en banc. Upon rehearing en banc, we reverse the trial court's decision.

### I.

The evidence established that Rhodes was standing in the front yard of a private residence when Officer Carpenter saw him place a beer bottle on the porch of the residence. After the officer exited his vehicle and made inquiries of Rhodes regarding the beer, Rhodes told the officer he placed the beer bottle on the porch "because it was open." The officer testified that he "placed [Rhodes] in custody" for having an open container of alcohol in public in violation of a city ordinance and that his "intentions were to release [Rhodes] on a summons." The officer then asked Rhodes if he had any weapons or narcotics on his person. After Rhodes replied that he did not, the officer "patted [Rhodes'] exterior" and felt a small rock in Rhodes' pants pocket. When the officer asked

Rhodes what was in his pocket, Rhodes said he did not know. The officer removed the item from Rhodes' pocket, examined the chunk of white, rock-like substance, and arrested him for possession of cocaine.

The trial judge overruled Rhodes' motion to suppress and convicted Rhodes of possession of cocaine in violation of Code § 18.2–250.

## II.

This case is controlled by the recent decision of *Knowles v. Iowa*, 525 U.S. 113, 119 S.Ct. 484, 142 L.Ed.2d 492 (1998), decided December 8, 1998.[1] In that case, a police officer stopped Knowles for speeding but issued a citation rather than arresting him. The officer then conducted a full search of the car. Under the driver's seat, the officer found a bag of marijuana and other drug paraphernalia. Knowles was arrested and charged with a state law violation dealing with controlled substances. *See id.* at 486.

Knowles filed a pretrial motion to suppress the evidence, arguing that the "search incident to arrest" exception did not apply because he had not been placed under arrest. The officer "conceded that he had neither Knowles' consent nor probable cause to conduct the search." *Id.* The officer relied on a state statute that allowed an officer to arrest for a traffic violation.[2] Iowa law provided for "a search incident to citation." *Id.* at 486–87 (citing *State v. Meyer*, 543 N.W.2d 876,

---

1. A divided panel of this Court affirmed the trial judge's ruling on the motion to suppress prior to the United States Supreme Court's decision in *Knowles*. The majority opinion relied primarily upon *Lovelace v. Commonwealth*, 27 Va.App. 575, 500 S.E.2d 267 (1998), which upheld a search of the defendant in similar circumstances. To the extent *Lovelace* is inconsistent with *Knowles*, *Lovelace* is no longer a viable precedent.

2. Iowa Code Ann. § 321.485(1)(a) (West Supp.1997) provides that a police officer having cause to believe that a person has violated any traffic or motor vehicle equipment law may arrest the person and immediately take the person before a magistrate.

879 (Iowa 1996); *State v. Becker,* 458 N.W.2d 604, 607 (Iowa 1990)). Thus, under Iowa law, even if the officer issued a citation in lieu of arrest,[3] he had the statutory authority to conduct a full-blown search of the automobile and the driver.

On appeal, the Supreme Court noted two historic rationales for allowing a search incident to arrest: "(1) the need to disarm the suspect in order to take him into custody, and (2) the need to preserve evidence for later use at trial." *Id.* at 487 (citing *United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973)). Rejecting Iowa's "search incident to citation" rule, the Supreme Court wrote:

> Iowa nevertheless argues that a "search incident to citation" is justified because a suspect who is subject to a routine traffic stop may attempt to hide or destroy evidence related to his identity (e.g., a driver's license or vehicle registration), or destroy evidence of another, as yet undetected crime. As for the destruction of evidence relating to identity, if a police officer is not satisfied with the identification furnished by the driver, this may be a basis for arresting him rather than merely issuing a citation. As for destroying evidence of other crimes, the possibility that an officer would stumble onto evidence wholly unrelated to the speeding offense seems remote.

> In *Robinson,* we held that the authority to conduct a full field search as incident to an arrest was a "bright-line rule," which was based on the concern for officer safety and destruction or loss of evidence, but which did not depend in every case upon the existence of either concern. *Here we are asked to extend that "bright-line rule" to a situation where the concern for officer safety is not present to the same extent and the concern for destruction or loss of evidence is not present at all. We decline to do so.*

---

**3.** Iowa Code Ann. § 805.1(1) (West Supp.1997) allows a police officer to issue a citation in lieu of arrest or in lieu of continued custody after an initial arrest.

*Id.* at 488 (emphasis added).[4]

In the instant case, Rhodes was charged with having an open container of beer in a public place. The officer saw Rhodes with the container, saw the bottle on the porch, and heard Rhodes say that he placed the open bottle of beer on the porch. The Commonwealth offered no evidence of a need to disarm Rhodes or to preserve any evidence for the open container violation. Under these circumstances, the officer was authorized only to issue Rhodes a summons following the non-custodial detention and he could not search Rhodes incident to arrest.[5]

In short, the officer conducted a "search incident to citation," which, in the absence of one of the two *Robinson* factors, was unreasonable under the Fourth Amendment. *See id.* at 488; *see also Stanley v. Commonwealth,* 16 Va.App. 873, 877, 433 S.E.2d 512, 515 (1993) (holding that absent a reasonable articulable suspicion that the operator of a motor vehicle is armed and dangerous, a police officer may not search the operator incident to a routine traffic stop).[6]

---

**4.** Unlike Rhodes who could not have been arrested for the open container violation, the defendant in *Knowles* could have been arrested for the traffic violation, but was only issued a citation. *See* 119 S.Ct. at 486–87.

**5.** We note that under some circumstances an officer may arrest the accused after issuing a summons. For example, under Code § 19.2–74, the officer shall issue a summons and release the accused from custody. However, the officer *may* arrest the accused pursuant to Code § 19.2–82 "if any such person shall fail or refuse to discontinue the unlawful act." Code § 19.2–74(A). Additionally, the officer *shall* proceed with the arresting provisions of Code § 19.2–82 in the following situations: (1) "if any person is believed by the arresting officer to be likely to disregard a summons issued under the provisions of this subsection"; (2) "if any person is reasonably believed by the arresting officer to be likely to cause harm to himself or to any other person"; or (3) if "any person refus[es] to give such written promise to appear under the provisions of this section...." Code § 19.2–74. In the instant case, none of these exceptions apply and the arresting officer was authorized only to issue Rhodes a summons pursuant to Code § 19.2–74.

**6.** A custodial arrest for a minor offense and search incident to that arrest are constitutionally unreasonable where by statute a state has

Accordingly, we reverse and remand.

*Reversed and remanded.*

"abjured the authority to execute custodial arrests for [such minor] offenses." *United States v. Mota,* 982 F.2d 1384, 1388–89 (9th Cir. 1993); *see also People v. Bland,* 884 P.2d 312, 318 (Colo.1994) (holding that where statute requires officer to issue notice or summons for violation of minor offense, custodial arrest and search incident to such arrest are prohibited); *Barnett v. United States,* 525 A.2d 197, 199 (D.C.1987) (holding that full custodial arrest for violation of pedestrian traffic regulation violates statute requiring issuance of notice of infraction and that search incident to arrest invalid); *Thomas v. State,* 614 So.2d 468, 471 (Fla.1993) (holding full custodial arrest and search incident thereto unreasonable when person is charged with violation of minor ordinance under a statute that provides for only limited detention for purpose of issuing ticket, summons, or notice); *State v. Martin,* 253 N.W.2d 404, 405–06 (Minn.1977) (holding that custodial arrest for petty misdemeanor offense was illegal where state rules provide that officer must issue citation for misdemeanor not punishable by incarceration and that search incident to arrest was invalid).